Judge Owsley
delivered the Opinion of the Court.
Stephen Cocke became the surety of Jouitt, in a note to Richard Jones, for five hundred dollars. Cocke afterwards died, and Gaither administered on his estate. To secure Gaither, as the administrator of Cocke, against the debt for which Cocke was surety for Jones, Jouitt on the 8th of November, 1823, executed to him a mortgage on two negroes, Fanny a woman about twenty two years of age, and Joseph her eldest child, about the *252 ¿gé of two years, dChis mortgage was duly prov* ed and recorded, and to foreclose Jouitt’s equity of redemption, and to obtain a sale of the negroes to pay the debt j which Gaither charges he had been compelled to arrange and pay, as the administrator of Cocke, who was Jodilt’a surety, Gaither filed his bill in equity against Jouitt.
Decree oí foreclosure.
Petition of Cooke and others, to be made defendants, admitted and decree stipend-edo
Original decree ordered to be executed.
Decree foreclosing the ¡equity of redemption ia isortgaged property, and saiehrfroiTation arid for costs; is final, at abbse-^ complainant to make ob-c‘r Parj-ies5is nous 1'
*252 The process was régtilarly served upon jouitt, and he failing to answer, the bill was taken for con» fessed against him, and at the May term 1825, a decree was pronounced, that Jouitt pay to Gaither, the sum of six hundred and twenty dollars, and twenty ' cents, on or before the first day of July next, thereafter, and in cacé of his failure to pay the same against that time, that William Í5. Booker and Thomas Lacy, or either of them, bé and they are appointed commissioners to sell the negroes in the mortgage mentioned to the highest bidder, &c. &c. ánd that Gaither recover of Jouitt his costs expended, Sic. and that the commissioners make report to the next court.
At a subsequent term, Stephen C. Brown, Thom-I. Cocke and Elizabeth R. Jouitt presented a petition to the court, among other things, alleging that Jouitt held but a life estate in the negroes merit jotted in the mortgage from him to Gaither, and charging that the interest in the remainder of the ne-groes after Jouitt’s death belonged to them, and praying that they might be made defendants to Gai-ther’s bill, &c. The court accordingly made an order, directing that they should be made defendants, and at the same time directed tiie execution of the decree to be suspended.
Several other orders were afterwards successively made, and finally it was ordered that the order suspending the execution of the decree should be set aside, and tiie decree originally made stand in full force, &c.
T.o reverse that decree this writ of error is prosecuted.
Many errors are assigned, most of which relate to the proceedings and orders subsequent to the decree first pronounced.
Decrefi foun(J to be for too ■ great an a~ mouut*
This court °ard a*refer-encc.-in the bill to a re-C0Iti ofanotb-circuit court, not made Part 01' i1~
But_
Directions fj^t court°on the return’of the eause, to look into the record rofer-ed to in tho bill, if there bo such, and allow its effect.
*253 We will therefore, dismiss from the considera» tion of this case all the error assigned except such Sis relate to the original -decree.; with this remark, that the decree first prctnchmced possesses all the attributes of a final deereee, add the court of course should not, a at subsequent term have made any order requiring other parties to be brought before the court, and whatever was done in that respect, was altogether irregular, and is entitled to no consideration in reversing the original decree.
Turning to that decree, more than one objection to it is perceived. The amount which Jouitt is decreed to pay, is greater than from any thing contained in the record Gaither is shewn to be enti-tied to receive. The note to which Cocke was surety for Jouitt, and for to secure and indemnify Gaither, as Cocke’s administrator against which the mortgage was executed, is recited in the mortgage to have been given to Jones for five hundred dollars, and there is nothing in the cause, not even an allegation in the bill going to show, when that note became payable, so as to fix the amount of interest Which Gaither, as the surety of Jouitt has been Compelled to pay, or is liable to pay.
In directing Jouitt to pay six hundred and twenty dollars, and twenty cents, therefore, the decree has nothing in the record for its support.
Prom a suggestion in the bill, it is probable that judgment may have been recovered against Gaither as the administrator of Cocke, upon the note exe-cutdd by Jouitt and Cocke to Jones, in the same court that gave the decree, and it is possible that in making the dec ree, the court may have had access to the record in that case, in fixing on the amount paid by Gaither. There is however, no such record in the present case, and nothing now before us from which the court could he justified in decreeing more than the amount of the hote, with interest from the date of the mortgage.
If there be such a record, it may be competent for the circuit court upon a return of the cause there, to look into it, and incorporate it with the record in this case.
Decree ni si, and absolute, of foreclosure and for sale.
Critlendcn, for plaintiffs; Pope, for defendants.
The decree is also objectionable, as to the time the amount decreed was directed to be paid. Regularly the amount decreed should be directed to be paid against a day in term time, so that the court and not the commissioner appointed to execute the decree, might judge whether or not payment is made.
The decree must be reversed with cost, the cause remanded to the court below, and such orders and decrees there made, as may be consistent with the principles of this opinion, and the usages of equity